[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-13214
Non-Argument Calendar

_____

D. C. Docket No. 04-20836-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LUDOVICO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 17, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant pled guilty to three counts of an indictment: Counts 1 and 2,

conspiring to commit and committing a Hobbs Act Robbery; Count 3, conspiring

to possess a firearm during a crime of violence. The district court sentenced appellant to a concurrent 78-month term of imprisonment – at the low end of the Guidelines sentence range – on each count. He now appeals his sentences, claiming that they are unreasonable.

Appellant contends that the district court failed appropriately to consider the sentencing factors set out in 18 U.S.C. § 3553(a) in fashioning his sentences. He also claims that the sentence range prescribed by the Guidelines overstated his personal involvement in the offenses and failed to consider his remorse, that he did not personally cause the victim's injury, and that he had led a law-abiding life and enjoyed a professional career prior to his involvement in the criminal activity in this case.

In reviewing sentences for reasonableness under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we "determine whether the sentence imposed by the district court was reasonable in the context of the factors outlined in 18 U.S.C. § 3553(a)." United States v. Scott, 426 F.3d 1324, 1328 (11th Cir. 2005) (internal quotations and citation omitted). Before undertaking this task, though, we determine whether the district court consulted the Guidelines, took them into account, and correctly calculated the Guidelines sentence range, United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (emphasis

omitted), before it turned to the § 3553(a) factors.

Appellant concedes that the district court correctly arrived at the Guidelines sentence range in his case. Although the court did not on the record discuss one-by-one the factors set out in § 3553(a), it did so implicitly in the context of considering appellant's arguments in mitigation and his claim that, given the § 3553(a) sentencing factors, the prescribed sentence range overstated the need for his imprisonment for at least 78 months. The court concluded that concurrent sentences of 78 months were reasonable in the circumstances presented. We agree.

**AFFIRMED.**